

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NORTH DAKOTA
# SOUTHWESTERN DIVISION

| | | |
|---|---|---|
| Juan Mora, | ) | |
| | ) | |
| Petitioner, | ) | **REPORT AND RECOMMENDATION** |
| | ) | |
| vs. | ) | |
| | ) | |
| North Dakota Cass County, | ) | Case No. 1:07-cv-025 |
| | ) | |
| Respondent. | ) | |

On March 20, 2007, the petitioner, Juan Mora ("Mora"), filed a pro se Petition Under 28 U.S.C. § 2254 for a Writ of Habeas Corpus by a Person in State Custody. Judge Hovland has referred this matter to the undersigned for preliminary consideration.

## I.    BACKGROUND

Mora, with the assistance of a Spanish-language interpreter, pled guilty to State charges that he had delivered cocaine to an undercover police officer on September 16, 1998. See State v. Mora, 2000 ND 179, 617 N.W.2d 478. Taking notice of the fact that Mora had two prior convictions in Minnesota for delivery of methamphetamine, the state district court, over Mora's objections, imposed a twenty-year minimum mandatory sentence as required by N.D.C.C. § 19-03.1-23(1)(a)(3). Id.

On appeal, Mora asserted that the information in which he was charged did not specifically identify his prior convictions in Minnesota. Id. He nevertheless conceded that he had knowingly and voluntarily entered his plea, acknowledging that he was fully aware of the maximum penalty he faced as well as the State's intent on using his prior convictions to obtain the mandatory minimum sentence. Id.

Dockets.Justia.com

The North Dakota Supreme Court affirmed Mora's conviction on October 3, 2000. Id. It initially took the State to task for the inadequacies of the allegations set forth in the information, observing statute placed an affirmative burden on the State to allege the prior convictions upon which it relies for the imposition of a mandatory sentence. Id. However, it observed that Mora, by his own admission, had notice of the State's intention to seek the mandatory sentence and was provided certified copies of the records relating to his prior convictions during discovery. Id. Thus, it concluded that Mora should have raised any objections prior to entering his plea and could have entered a conditional plea. Id.

Mora filed the petition now before the court on March 20, 2007. Although not entirely clear, it appears he is challenging the State's use of his prior convictions at the time of sentencing and questioning the sufficiency of the State's evidence. He tacitly acknowledges that his petition may be time-barred, but asks that the court overlook his delay in filing his petition on account of his ethnicity and lack of familiarity with the process.

**II.    DISCUSSION**

Mora's petition is governed by the Antiterrorism and Effective Death Penalty Act ("AEDPA"), which imposes a one-year statute of limitations for filing federal habeas petitions. See 28 U.S.C. 2244(d)(1). The limitation period runs from the latest of:

(A)    the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

(B)    the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

(C)    the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(D)   the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. §§ 2244(d)(1)(A)-(D).  Subsection (A) is applicable in this instance given the nature of Mora's claims.

According to the Eighth Circuit, the running of the statute of limitations imposed by § 2244(d)(1)(A) is triggered by either:

(i)   the conclusion of all direct criminal appeals in the state system, followed by either the completion or denial of certiorari proceedings before the United States Supreme Court; or

(ii)  if certiorari was not sought, then by the conclusion of all direct criminal appeals in the state system followed by the expiration of the time allotted for filing a petition for the writ.

Nichols v. Bowersox, 172 F.3d 1068, 1072 (8th Cir. 1999).  The Supreme Court's rules require that a petition for certiorari be filed within ninety days from the denial of discretionary review by a state court of last resort.  See Sup.Ct.R. 13.1.

Mora did not file a petition for certiorari with the United States Supreme Court at the conclusion of his direct criminal appeal.  Thus, for the purposes of § 2244(d)(1)(A), his judgment of conviction became final and his one-year window for asserting filing a habeas petition January 2, 2001, or 90 days after her conviction was affirmed on direct appeal by the North Dakota Supreme Court. Id.  This window closed on January 2, 2002.  Mora did not file his petition until March 20, 2007.  Thus, his petition is clearly untimely.[1]

Section 2244(d)(2) provides that the limitations period may be tolled while "a properly filed application for State post-conviction or other collateral review . . . is pending."  See William v. Bruton,

---

[1]Also plaguing Mora's petition is the fact that it, by all appearances, contains an unexhausted claim.  Mora did not raise any challenges to the sufficiency of the State's evidence either on direct appeal or in any post-conviction proceedings.

299 F.3d 981, 983 (8th Cir. 2002) (discussing what constitutes a "pending" application for the purposes of 28 U.S.C. 2244(d)(2)).  This tolling provision is not applicable here, however, as Mora by his own admission has not sought post-conviction relief in State court.

In addition to this statutory tolling provision, AEDPA's statute of limitations may be tolled as a matter of equity.  See Cross-Bey v. Gammon, 322 F.3d 1012, 1014 (8th Cir. 2003). Equitable tolling is only proper, however, "when there exist extraordinary circumstances beyond a prisoner's control that made filing a timely petition impossible or when the Respondent's conduct has lulled the petitioner into inaction."  Id. at 1015.  "[A]ny invocation of equity to relieve the strict application of a statute of limitations must be guarded and infrequent, lest circumstances of individualized hardship supplant the rules of clearly drafted statutes."  Id. (quoting Flanders v. Graves, 299 F.3d 974, 976 (8th Cir.2002)).

"An inability to speak, read or write English, alone or in combination with difficulty obtaining assistance in legal research from other prisoners or prison staff, is not sufficiently extraordinary to merit equitably tolling the AEDPA's one-year statute of limitations, since these are disabilities common to many prisoners."  Martinez v. Kuhlmann, No. 99 Civ. 1094 MBM AJP, 1999 WL 1565177 at * 5 (S.D.N.Y. December 3, 1999); see also Pham v. Garcia, No. CIV. 04-CV-0500IEGPC, 2004 WL 3263485 at (S.D.Cal. September 16, 2004) ("[A] lack of proficiency in English does not amount to extraordinary circumstances);Cobas v. Burgess, 306 F.3d 441, 444 (6th Cir. 2002) (opining that the inability to read and speak English is not in itself a sufficient basis for equitable tolling); United States v. Cordova, No. 99-1306, 199 WL 113679 (10th Cir. Dec. 13, 1999) (same); but see Mendoza v. Carey, 449 F.3d 1065 (9th Cir. 2006) (stating that "equitable tolling may be justified if language barriers actually prevent timely filing").  Thus, Mora's lack of proficiency in English is not a sufficient basis for equitable tolling of his statute of limitations.

### III. CONCLUSION

Mora's Petition for Writ of Habeas Corpus is untimely. The undersigned therefore **RECOMMENDS** that:

1. Mora's Petition under 28 U.S.C. § 2254 for a Writ of Habeas Corpus by a Person in State Custody (Docket No. 1) be **DENIED**;

2. The court certify that an appeal from the denial of this action may not be taken in forma pauperis because such an appeal would be frivolous and cannot be taken in good faith;

3. A certificate of appealability not be issued with respect to any of the issues raised by Mora.

### NOTICE OF RIGHT TO FILE OBJECTIONS

Pursuant to Local Rule 72.1(3)(4), any party may object to this recommendation within ten (10) days after being served with a copy of this Report and Recommendation.

Dated this 29th day of March, 2007.

/s/ Charles S. Miller, Jr.
Charles S. Miller, Jr.
United States Magistrate Judge